DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| VERNON MEREDITH RISINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.     **Introduction**

    A.     *Summary*

        This brief introduction sets forth a summary of the terms of the plea

VERNON MEREDITH RISINGER  Plea Agreement

agreement between the defendant and the United States. This summary is not intended to supercede the language that follows this subsection. It merely sets forth a summary for the benefit of the court.

The defendant agrees to plead guilty to the Information filed in this case, which charges him with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). In exchange for the defendant's plea, the United States agrees not to file any additional charges arising out of the current investigation.

B.     This document contains the complete plea agreement between the United States and the defendant, VERNON MEREDITH RISINGER. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

C.     The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant **may not withdraw** from this agreement if the Court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

VERNON MEREDITH RISINGER  Plea Agreement

D.    Because this case arises out of conduct occurring after November 1, 1987, the defendant's sentence will be determined by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

E.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

The defendant agrees the following obligations are material to this agreement.  The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement.  If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter.  Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A.    *Charges*

The defendant is currently charged by Information with Possession of

VERNON MEREDITH RISINGER  Plea Agreement

Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Pursuant to this written agreement, the defendant agrees to plead guilty to that charge.

B.    *Limits on Departures*

Unless specifically set forth in this plea agreement, the defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority. This section does not prohibit the defendant from arguing for the application of any downward guideline adjustments to the court's sentence calculation.

C.    *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the maximum statutory penalties available for the offense of conviction, including any forfeiture, or supervised release period or conditions under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence -- including any forfeiture, or supervised release period or conditions-- imposed. Furthermore, the defendant also knowingly and voluntarily

VERNON MEREDITH RISINGER  Plea Agreement

agrees to waive his right to collaterally attack his conviction and/or sentence --

including forfeiture and supervised release period and conditions. The only

exceptions to this collateral attack waiver are as follows: 1) any challenge to his

conviction or sentence alleging ineffective assistance of counsel -- based on

information not now known to the defendant and which, in the exercise of

reasonable diligence, could not be known by him by the time the court imposes

sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant

agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside,

or if his sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause.


D.    *Consequences of the defendant's guilty plea*

The defendant agrees to pay the $100 special assessment owed in this

case on the day the court imposes sentence. The defendant understands that he

will lose his right to own or possess any firearms, his right to vote, and his right to

sit on a jury.

VERNON MEREDITH RISINGER  Plea Agreement

E.    *Forfeitures*

The defendant hereby represents that he is the sole owner of all legal right, title, and interest in the following property, and that he agrees to abandon any and all interest in, and voluntarily forfeit the following property:

- Toshiba Satellite Laptop computer model #25-5487, serial number 63022295C,

- Hewlett Packard Pavilion XH545, serial number TW14324946,

- Maxtor external hard drive, serial number Y31ZNKXE,

- Hewlett Packard Pavilion 700, serial number MX22521905,

- Toshiba Satellite P35 laptop, serial number 25235129K, and

- any and all other seized computer storage media that contain depictions, descriptions, or details of sexually explicit conduct involving minors.

III.    **What the government agrees to do**

A.    In exchange for the defendant's plea of guilty to Count 1 of the Information in this case, the United States conditionally agrees not to file any additional charges arising out of the current investigation.  The conditions upon which the this agreement is based are:

- that there is no known evidence of the defendant having had any actual

VERNON MEREDITH RISINGER  Plea Agreement

sexual contact with children, and

- that there is no known evidence of the defendant distributing child pornography.

B.    However, if these conditions change, or if for any other reason the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

C.    If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to move for, and recommend the defendant for a three-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

VERNON MEREDITH RISINGER Plea Agreement

D.    The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority.  This section does not prohibit the United States from arguing for the application of any upward guideline adjustments to the court's sentence calculation.

IV.    **Advisement of maximum penalties and conditions of sentence**

A.    The maximum statutory penalties for Count 1, Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B), as charged in this case against this defendant, include the following:  (1) 10 years in prison; (2)  a $250,000 fine; (3) a $100 mandatory special assessment; and (4)  supervised release of any term of years or life [18 U.S.C. 3583 (k)].

B.    Pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.    Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

D.    Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with

VERNON MEREDITH RISINGER  Plea Agreement

no credit for the time already spent on supervised release.  18 U.S.C. 3583(e) and

(k).

     E.     There is no applicable restitution pursuant to 18 U.S.C. § 3663 and

U.S.S.G. § 5E1.1.

     F.     All payments will be by check or money order, and are to be

delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box

4, Rm. 229, Anchorage, AK 99513-7564.

## V.   Guideline applications and sentencing issues (the following estimates bind neither party nor the court, and use the Sentencing Guidelines effective November 1, 2004)

Count 1: Possession of Child Pornography

         **BASE OFFENSE LEVEL PER § 2G2.2** . . . . . . . . . . . . . . . . . . . **18**

         **MINOR UNDER THE AGE OF 12** . . . . . . . . . . . . . . . . . . . . . . **+2**

         **MATERIAL PORTRAYS SADISTIC, MASOCHISTIC, OR OTHER DEPICTIONS OF VIOLENCE** . . . . . . . . . . . . . . . . . . **+4**

         **USE OF A COMPUTER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **+2**

         **600 OR MORE  IMAGES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **+5**

**SUBTOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **31**

**ACCEPTANCE OF RESPONSIBILITY** . . . . . . . . . . . . . . . . . . **-3**

**OFFENSE LEVEL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **28**

**ESTIMATED CRIMINAL HISTORY** . . . . . . . . . . . . . . . . . . . . . **I**

**ESTIMATED SENTENCING RANGE** . . . . . . . . . **78-97  months**

A.    The defendant understands there may be applicable adjustments to

this base offense level, contained in Parts A, B, C, and D, of Chapter Three of the

United States Sentencing Commission Guidelines, that may make the final offense

level higher than or lower than the offense level estimated by the United States.

The defendant understands the court may grant up to a three-level

downward adjustment for acceptance of responsibility if the defendant meets the

criteria set forth in U.S.S.G. § 3E1.1.  The applicability of all adjustments to the

base offense level will be set forth in the presentence report and the parties are

free to argue the applicability of any and all adjustments.  As stated in Part I. C.

above, the defendant agrees that neither the defendant, the court, nor the

government is bound by the government's estimations or conclusions of the

defendant's guideline sentence range contained in this agreement.

VERNON MEREDITH RISINGER  Plea Agreement

B.    The parties have no agreement on the defendant's criminal history category, but believe that it will be Category I. The defendant understands that the court may find the defendant's criminal history to be higher than the United States has estimated.  The defendant may argue about the appropriate criminal history calculation or classification.  The United States is free to oppose any such argument or motion.

C.    The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures.  This section does not place any limits upon any guideline adjustments.  The defendant fully understands that the court has total discretion to determine the ultimate sentence, and that the defendant will not be permitted to withdraw his plea or appeal his sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

D.    The defendant understands that the United States Sentencing Guidelines are not mandatory, but are advisory.

VI.    **Elements of the offense**

In order to sustain a conviction for Possession of Child Pornography, in violation of  18 U.S.C. § 2252(a)(4)(B),  as charged in Count 1 of the Information

VERNON MEREDITH RISINGER  Plea Agreement

in this case, the United States would have to prove beyond a reasonable doubt the following elements:

> FIRST:  That the Defendant knowingly possessed one or more visual
>
> depictions of a minor engaged in sexually explicit conduct;
>
> SECOND:  That the production of each of the visual depictions involved
>
> the use of a minor engaging in sexually explicit conduct and
>
> each of the visual depictions was of such conduct;
>
> THIRD:  That the Defendant knew that the visual depictions involved the
>
> use of a minor engaging in sexually explicit conduct; and
>
> FOURTH:  That the visual depiction had been mailed, shipped, or
>
> transported in interstate or foreign commerce, or by means of a computer.

VII.  **Factual basis for the plea**

The parties stipulate the following fact statement is true and it supports the defendant's guilty plea in this case.

On June 13, 2005, agents of the FBI executed a federal search warrant on Risinger's home at 6448 Fairweather Drive, Anchorage, Alaska.   During the search, agents seized the following computer media: Toshiba Satellite Laptop computer model #25-5487, serial number 63022295C; Hewlett Packard Pavilion

VERNON MEREDITH RISINGER  Plea Agreement

XH545, serial number TW14324946; Maxtor external hard drive, serial number

Y31ZNKXE; Hewlett Packard Pavilion 700, serial number MX22521905;

Toshiba Satellite P35 laptop, serial number 25235129K; other computer storage

media; and several hard-copy photos; all of which contained images of child

pornography, i.e., visual depictions whose production involved the use of children

under 18 years of age engaged in sexually explicit conduct.

During a consensual interview on June 13, 2005, Risinger admitted he had

been downloading child pornography from the Internet for the past several years

and had a large collection of child pornography on his computers. Risinger also

admitted he had printed the photos which agents found in his residence. Risinger

defined child pornography as an image depicting an adult having sex with

somebody underage.

During a second consensual interview on July 7, 2005, Risinger told agents

he had purchased another computer, a Toshiba Satellite P35 laptop, serial number

25235129K, connected it to the Internet, and was looking at and downloading

adult pornography. Risinger stated he had not downloaded any child

pornography. When agents asked if they could search the computer for the

presence of child pornography Risinger stated they could, and signed an FBI

VERNON MEREDITH RISINGER  Plea Agreement

Consent to Search form.

During the consent search, agents discovered approximately eight images of child pornography.  Agents showed the photos to Risinger and he agreed the children in the photos appeared to be between 10 to 14 years old.  Risinger then admitted he had viewed a webpage containing child pornography but said he had not downloaded any images onto his computer.

Special Agent Dennis Abarr, a forensic computer analyst with the F.B.I., examined all of the computers and external media seized in Risinger's home on June 13 and July 7, 2005, and determined from his forensic analysis that approximately 81,941 images were possible child pornography.

Special Agent John Eckstein further reviewed a portion of those images, and culled 1,026 images that depicted mostly prepubescent children, many of them infants, being sexually exploited.  Risinger admits that those images traveled in interstate or foreign commerce, that he knowingly downloaded them from the Internet, using a computer, and that he knows the images are of real children engaged in sexually explicit conduct.

VIII. **Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is

VERNON MEREDITH RISINGER  Plea Agreement

appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence if he had gone to trial and had been convicted on all counts in the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.    Defendant's agreement and understanding of the terms of this plea agreement

I, VERNON MEREDITH RISINGER, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 1 of the Information filed in this case, which charges me with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

B.    My attorney has explained the charge to which I am pleading guilty and the necessary elements, and the consequences of my plea.

VERNON MEREDITH RISINGER  Plea Agreement

C.    I am admitting that the allegations against me in Count 1 of the Information and the factual bases for my plea are true.

D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt and the forfeitability of my interest in the Forfeiture Assets;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I

VERNON MEREDITH RISINGER  Plea Agreement

understand I am not waiving my right to have counsel continue
to represent me during the sentencing phase of my case;

--     The right to confront and cross examine witnesses against me,
and the right to subpoena witnesses to appear in my behalf;

--     The right to remain silent at trial, with such silence not to be
used against me, and the right to testify in my own behalf;

--     The right to contest the validity of any searches conducted on
my property or person.

E.     I am fully aware that if I were convicted after a trial and sentence
were imposed on me thereafter, I would have the right to appeal any aspect of my
conviction and sentence. Knowing this, I voluntarily waive my right to appeal my
conviction. Furthermore, I also knowingly and voluntarily agree to waive my
right under 18 U.S.C. § 3742 to appeal any aspect of the sentence -- including any
forfeiture, or supervised release period or conditions-- imposed in this case, if the
court accepts this agreement and imposes a sentence no greater than the statutory
maximums available for this offense. Furthermore, I knowingly and voluntarily
waive my right to collaterally attack any aspect of my conviction or sentence --

VERNON MEREDITH RISINGER  Plea Agreement

including any forfeiture, or supervised release period or conditions-- except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence --which affected either my guilty plea or the sentence imposed by the court.

F.    I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charge in the Information. My attorney has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are not binding on any party.

G.    I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense. I

VERNON MEREDITH RISINGER  Plea Agreement

understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

H.. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

I. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that the discussions between my attorney and me concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has total discretion to determine the ultimate sentence, and that I will not be permitted to withdraw my plea or appeal my sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel. Except as specifically set forth in this agreement, I understand that if the court sentences me to less than the statutory maximum available for this offense, I cannot withdraw my guilty plea or from this agreement, and that I am waiving my right to

appeal the court's sentencing decision.

J.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

K.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

L.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Count 1 of the Information filed in this case,

VERNON MEREDITH RISINGER  Plea Agreement

//

//

which charges me with Possession of Child Pornography in violation of 18 U.S.C.

§ 2252(a)(4)(B) and (b)(2).

DATED: 2-/0-06

VERNON MEREDITH RISINGER
Defendant

 

 

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 2/10/06

ALLEN DAYAN
Attorney for
VERNON MEREDITH RISINGER

VERNON MEREDITH RISINGER  Plea Agreement

Page 21 of 22

On behalf of the United States, the following accept VERNON MEREDITH RISINGER'S offer to plead guilty under the terms of this plea agreement.

DATED: _Feb. 17, 2006_

_Audrey J. Renschen_
AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

DATED: _2/22/06_

_Deborah M. Smith_
DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov