ALLEN N. DAYAN
745 West 4th Avenue, Suite 230
Anchorage, AK  99501
(907) 277-2330
dayanlaw@acsalaska.net

Attorney for:
Defendant Vernon M. Risinger

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>VERNON M. RISINGER,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)Case No.3:06-cr-00023-JWS<br>)<br>)<br>)<br>)<br>) |

**SENTENCING MEMORANDUM AND FACTORS IN CONSIDERATION OF SENTENCE**

COMES NOW the Defendant, Vernon Risinger, by and through his counsel Allen N. Dayan, and files his sentencing memorandum and factors in consideration of his sentence.

The sentencing range in this case is from 78 to 97 months.

**Proposed sentence:**

Mr. Risinger to be sentenced to serve a sentence of 26 months in a federal facility followed by 36 months under house arrest, with 10 years supervised release.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Mr. Risinger is 61 years old and comes before the court with absolutely no criminal record. He has maintained employment, been a stable member of our community and has a supportive family. Mr. Risinger has worked approximately 26 years as a Longshoreman. As an adult Mr. Risinger has never engaged in any activity that would place him in contact with children. He has never coached sports or worked at a Boys & Girls Club or been a youth counselor or participated in any hobby, activity or employment that would involve children in any fashion. The attached psychological report form Dr. Smith indicates there is not clinic diagnosis of any sort for Mr. Risinger. In a case such as this it is always of paramount concern to protect children in the community from any possible harm. Mr. Risinger appears to fall into the category of collectors of child pornography that are more concerned with the obsessive process of collecting as opposed to engaging in actual conduct with children. Mr. Risinger is clearly a collector as he accumulates large quantities of many things he never uses such as tools, recording of television shows, and other personal items which he has never even opened the packages. It is important to note that Mr. Risinger had tens

of thousands of images that he downloaded using an automated downloading program. It would take Mr. Risinger many years to look at every photo in his collection if in fact he ever got around to doing that.

The crime for which the Mr. Risinger is charged is a crime that typically occurs in obscure arenas within our society that are largely hidden in the shadows. The internet has provided entry for many people who would otherwise never enter this arena. Twenty years ago the thought of someone openly saying, "I'm a drug addict" was unheard of. Today however, society accepts and praises those who have admitted their addiction and have obtained treatment for their addiction.

The sentencing emphasis in case should be treatment. The proposed sentence allows the defendant to FCC Butner to begin and complete their sex offender treatment and during the time on house arrest Mr. Risinger will be able to continue his treatment while under house arrest and supervised release.

**ARGUMENT**

The decision in United States v. Booker, 125 S.Ct. 735, (2005), holds that the Federal Sentencing Guidelines are advisory. District Courts must consult the Guidelines but are required to take into account the provisions set forth in 18

U.S.C. § 3553(a) when determining the particular sentence to be imposed.

The relevant factors set forth in 18 § 3553 for sentencing are:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed--

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for--

      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

         (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

      (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

   (5) any pertinent policy statement--

      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.

   (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.


  These factors provide a common sense approach to protect society, reaffirm societal norms and provide treatment for the defendant.


**Consideration of the 3553(a) Factors**

A.  **SENTENCE THAT REFLECTS THE SERIOUSNESS OF THE OFFENSE and PROVIDES ADEQUATE DETERRANCE TO OTHERS**

The proposed sentence of 26 months in a federal facility followed by 36 months under house arrest, with 10 years supervised release is warranted to reflect the seriousness of the offense, provide punishment, and instill deterrence and to demonstrate to the public and Mr. Risinger that this behavior will not be tolerated by society.  This sentence places Mr. Risinger in the government's scrutiny until he is seventy-six years old and requires him to register as a sex offender for the rest of his natural life.

B.  **SENTENCE THAT PROTECTS THE PUBLIC FROM FURTHER CRIME OF THE DEFENDANT**

The likelihood of recidivism by a 61 year old is very low. In fact, according to a United States Sentencing Commission Report released in May, 2004, "Recidivism rates decline consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates." *See* U.S.S.C., Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12, http://www.ussc.gov/publicat/Recidivism_General.pdf.  As the report states, "Among all offenders under age 21, the

7

recidivism rate is 35.5%, while offenders over age 50 have a recidivism rate of 9.5%." *Id.* According to the Commission Report, for criminal history category I offenders like defendant Risinger, the recidivism rates were as follows:

| Age at Sentence | Category I Percent Recidivating |
|---|---|
| Under age 21 | 35.5% |
| Ages 21-25 | 31.9% |
| Ages 26-30 | 23.7% |
| Ages 31-3 5 | 23.8% |
| Ages 36-40 | 19.7% |
| Ages 41-50 | 12.7% |
| Ages over 50 | 9.5% |

*Id.* at 28. The positive correlation between age and recidivism is impossible to deny. Indeed, as shown above, the Sentencing Commission in its report did not even bother to separately report statistics on recidivism rates of inmates who are, for example, age 55 at the time of sentence (or age 61 like Risinger). One can only reasonably assume that the trend of decreasing recidivism continues downward after the age of 50. Under the guidelines, the age of the offender is not ordinarily relevant in determining the sentence. *See* § 5H1.1. But under § 3553(a)(2)(C), age of the offender is plainly relevant to the

8

issue of "protecting the public from further crimes of the defendant." *See also* <u>Booker</u>, 125 S. Ct. at 765.

### C. **PROVIDE THE DEFENDANT WITH TREATMENT IN THE MOST EFFECTIVE MANNER**

In this case, Vernon Risinger admits he is addicted to pornography and states he is in recovery. That being said, Mr. Risinger appears to be an intelligent man who is in the throws of addiction to pornography. The behavior that led to his eventual arrest emulates the cry of an addict seeking help from society.

The first step to solving any difficult addiction is the self-realization that there is a problem and overcoming denial. To his credit, Mr. Risinger has sought help and is doing everything he can to deal with his addiction. He is actively trying to work on the underlying causes of his addiction and is sincerely remorseful for his conduct. Mr. Risinger is not requesting a slap on the wrist. The most important factors to be considered in Mr. Risinger's case are rehabilitation and the monitoring of that rehabilitation. Simply warehousing Mr. Risinger in a correctional facility is counterproductive to society. What society is looking to the courts to do is to ensure Mr. Risinger gets treatment and that the treatment be

monitored by federal authorities as long as possible. This focus is best for Mr. Risinger and society.

§3552(a)(2)(D), requires a sentencing court to evaluate the need to provide defendants with education, training, **treatment** or medical care in the most effective manner, and its possible conflict with U.S.S.G. §5C1.1; §3553(a)(7), directing courts to consider the need to provide restitution, and its conflict with the Guidelines prohibition on departures to facilitate restitution; and the Guidelines' potential conflict with the primary directive of §3553(a), to "'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing." See United States v. Nellum, 2005 U.S. Dist. LEXIS 1568.

The Nellum court wrote: "What complicates this task [of sentencing] after Booker is that many of the §3553(a) factors – such as the history and characteristics of the defendant, See §3553(a)(1) – are factors that the guidelines 'either reject or ignore.'" [Citation omitted.]

The Guidelines sentencing scheme violated not just the Sixth Amendment, but 18 U.S.C. §3661: "No limitation shall be placed on the information concerning the background, character,

and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," cited in <u>Breyer</u>, J., slip op., 8.  The Guidelines placed <u>every</u> limitation on the courts' consideration of such matters – except for prior bad and uncharged acts, criminal history (including arrests not resulting in conviction, a common element of PSRs), the all-inclusive "relevant conduct" and other negative information.  The tacit purpose of the Sentencing Guidelines wasn't just to ensure consistent sentences, but to ensure <u>longer</u> sentences.  The Guidelines were effectively a prosecution brief – and not a "virtual" prosecution brief, either.

**Conclusion:**

Mr. Risinger deeply regrets his conduct and asks the court to not simply warehouse him, but rather sentence him to serve 26 months in a federal facility followed by 36 months of house arrest with 10 years supervised release.  This sentence will have Mr. Risinger supervised until he is 76 years old and meets all sentencing goals.

DATED this 3rd day of July, 2006, at Anchorage, Alaska.

S/Allen N. Dayan
745 W. 4th Avenue, Suite 230
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: dayanlaw@acsalaska.net
Alaska Bar No. 8811179

Certificate of Service
I hereby certify that on July 3rd 2006, a copy of the foregoing Unopposed Motion to Add Third Party Custodian and Proposed Order was Electronically Served on ASUSA Audrey Renschen and U.S. Probation Officer Timothy Astle

S/Allen N. Dayan