DEBORAH SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | Case No. 3:06-cr-0023-JWS |
| ) | |
| Plaintiff,         ) | |
| ) | GOVERNMENT'S SENTENCING |
| vs.         ) | MEMORANDUM |
| ) | |
| VERNON MEREDITH RISINGER,         ) | |
| ) | |
| Defendant.         ) | |
| ) | |

　　　The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled for Thursday, July 6, 2006, at 8:30 a.m.

**The Plea Agreement**

Pursuant to a plea agreement, the defendant was charged by Information with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and pled guilty to that single charge. In exchange for the defendant's plea of guilty to Count 1 of the Information in this case, the United States conditionally agreed not to file any additional charges arising out of the current investigation. The conditions upon which the this agreement was based are:

- that there is no known evidence of the defendant having had any actual sexual contact with children, and

- that there is no known evidence of the defendant distributing child pornography.

The defendant agreed to voluntarily forfeit his computers and other related materials listed on page 6 of the plea agreement, which materials were used in the commission of the crime of conviction.

The plea agreement restricted the parties from upward or downward departures, but allows the parties to freely argue for the application of any guideline adjustments, and to freely argue the factors under 18 U.S.C. 3533(a).

**The Presentence Report**

The United States agrees with the factual findings set forth in the Presentence Report. The Defendant merits an offense level of 28, a criminal history level I, and a sentencing range of 78-97 months. The offense level includes upward adjustments for images of prepubescent children, material that portrays sadistic or masochistic conduct or other depictions of violence, more than 600 images, and use of a computer.

**The Recommendation**

The United States is recommending **a lower-end range sentence of 84 months** imprisonment, and **a supervised release period of ten years**, and the **special conditions of supervision** recommended by the Presentence Report writer, Timothy Astle.

As noted below, Mr. Risinger's conduct was extremely serious. The size and nature of the child pornography images he collected were extensive and compellingly graphic. Under ordinary circumstances, the number of images alone would warrant a significant upward departure under the United States Sentencing

Guidelines[1]. However, Mr. Risinger's cooperation with law enforcement and his apparent restraint in *not* distributing child pornography images, are both factors that warranted some additional consideration. Those two reasons are why the government agreed not to seek additional charges or upward departures, and to recommend a sentence at the lower end of the 78-97 months sentencing range.

**Risinger's Conduct Was Extensive and Egregious**

Risinger admitted he has been downloading child pornography for the last five to ten years. Presence Report p. 4, ¶ 19. Risinger admitted that he has probably spent approximately *two to three thousand dollars* buying child pornography from online websites. Presence Report p. 5, ¶ 22. Risinger verbally acknowledged a sexual preference for girls between 8 and 18 years of age, but admitted that his collection mostly consists of children within the age range of five to ten years of age, which in itself shows he is most attracted to very young children. Presence Report p. 5, ¶ 23.

Most of the images visually depicted prepubescent children. Some of the images visually depicted very small, prepubescent children tied up in ropes or in

---

[1] Application Note 4 of U.S.S.G. 2G2.2 states that if the number of images beyond th 600 level substantially underrepresents the number of minors depicted, and upward departure may be warranted.

other kinds of bondage, or visually depicted violence against the children. Presentence Report p. 7, ¶ 33. The images involving infants were particularly disturbing, and showed erect penises being pushed into babies mouths. <u>Id.</u>

Risinger reported printing out hardcopies of the images, and using his large plasma monitor to view the digital images. Presentence Report p. 6, ¶24. In addition to images, Risinger also retained stories about children being sexually abused by adults. Presentence Report p. 6, ¶ 28.

Risinger's sexual obsession with very young children is unmistakable. By his own admissions, as a teenage babysitter, Risinger sexually abused the children he was left alone with. Presentence Report p. 6, ¶29. After the F.B.I. found child pornography on Risinger's computer, and seized it, Risinger immediately went out and purchased another computer, which he used to view child pornography. Presentence Report pp. 6-7 ¶ 29-31.

Risinger's admission that he had downloaded "thousands and thousands" of child pornography images over the years (par p. 5, ¶ 23) is an understatement. Special Agent Dennis Abarr, a forensic computer analyst with the F.B.I., examined all of the computers and external media seized in Risinger's home on June 13 and July 7, 2005, and determined from his forensic analysis that

approximately 81,941 images were possible child pornography.  Presentence Report p. 7, ¶ 32.

**Child Pornography Harms Children Indirectly and Often, Directly.**

Congressional findings supporting the *Child Pornography Prevention Act of 1996* (CPPA) included the link between pedophilic behavior and child pornography, stating: (1) "child pornography is often used as part of a method of seducing other children into sexual activity;" (2) "child pornography is often used by pedophiles and child sexual abusers to stimulate and whet their own sexual appetites, and as a model for sexual acting out with children;" and (3) the existence and traffic of child pornography "inflames the desires of child molesters, pedophiles, and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children." *See* Child Pornography Prevention Act, Pub. L. No. 104-208, div. A, tit. I, § 121(1)(3), (4) and (10)(B) 110 Stat. 3009-26 (1996).

Although there is no evidence that as an adult, Risinger sexually abused children, his obsessive collection and use of child pornography images nonetheless threatens children.  At minimum, his conduct insures a marketplace

for child sexual abuse. At worst, the collection may again lead him to a more direct abuse of children. In either event, children suffer harms that continue for their lifetimes and beyond. Such conduct must be punished seriously.

**Conclusion**

Risinger sought out and saved an extensive and egregious collection of child pornography. Without the F.B.I.'s intervention, he would still be procuring and using thousands of images of children being sexually abused.

Risinger has benefitted from a plea agreement that saved him from upward departures motions for the vast number of images involved, and the concomitant number of children sexually abused. A sentence of 84 months, and supervised release term of 10 years is an appropriate punishment, and an appropriate safeguard for the public. The sentence recognizes the horrific numbers of children who were sexually abused for his viewing pleasure, and who are, by reminder, repeatedly victimized as each image is further copied and saved.

Such a sentence will appropriately punish as well as deter Risinger, and others, and telegraphs the message that even when one does not distribute child pornography, amassing large numbers of child pornography images is nonetheless, still harmful to children, and in fact, prolongs the harm. Risinger's

extensive collection of child pornography ought not be perceived in a way that desensitizes the public into overlooking the horrors of each individual picture.

RESPECTFULLY SUBMITTED THIS 23rd day of July , 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May23, 2006
a copy of the foregoing was served
electronically on Allen Dayan

s/ Audrey Renschen