AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District Alaska | |
|---|---|---|
| Name of Movant Vernon Meredith Risinger | Prisoner No. 15228-006 | Case No. 3:06CR23.JWS |
| Place of Confinement In Transit at San Bernardino County Sheriff Dept, Central Detention Center | | |

UNITED STATES OF AMERICA      V.

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **Alaska District Court  222 W. 7# Ave #4 Anchorage, Alaska**

2. Date of judgment of conviction **July 6 2006**

3. Length of sentence **48 Months**

4. Nature of offense involved (all counts) **Possession of Child Pornography 18 USC Section 2252 (a)(4)(B) and (B)(2)**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☒

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

   Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised _____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?

          Yes ☐     No ☐

       (5) Result _____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised _____

       _____

       _____

       _____

       _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐         No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.         Yes ☐         No ☐
(2) Second petition, etc.       Yes ☐         No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: Irresponsible representation - When I began downloading CP, I was suffering from a severe head injury that affected my judgement.

Supporting FACTS (state *briefly* without citing cases or law) It was until after I had pled guilty, on paperwork that my lawyer had me sign, that the facts surrounding my aberrant behavior became apparent. It was about a year, according to letters of support from neighbors & family, befor I was acting, as I had, befor my accident. My lawyer never suggested or discussed the possibility of my changing my plea to tempory insanity or diminished capacity.

B.    Ground two: I don't believe my lawyer discussed with, or recommended to the court, that all or part of my sentence be community service or ankle bracelet confinement.

Supporting FACTS (state *briefly* without citing cases or law) As I will never have anything to do with child porn again. I have learned my lesson - big time. Prison is not a fun place to be and I will never be back. I believe that the greater good would be served by my sentence being changed to a period of community service or home confinement. This would, in addition, save the government over $47,000.⁰⁰ per year in costs of incarceration

C.    Ground three: Employment after Prison.

Supporting FACTS (state *briefly* without citing cases or law) If I was released from Prison befor February 12ᵗʰ 2008, I would be able to return to work as a longshoreman. That is when I would have to work a 4 hour dispatch at the Port of Anchorage in order to allow me to retain seniority on the regestered longshore list. After that date, I would no

12. cont.

E.  Ground five:  Prison Protective Custody or Administrative Custody.

Supporting facts:  When an inmate, such as myself, asks for protective custody, or if I were to be attacked + injured by another inmate and the prison put me into protective custody - for my own safety - the results would be the same.  Protective or administrative custody is essentually Maximum security. I went to this from a Medium security facility. My points qualify me for a Low security facility. My PC expevence is as follows: ① at F.C.I. Sheridan OR, 2 man cell, 24 hour lockdown, 1 hr recreation - 5 days a week, 3 showers a week, no TV, meals in cell, in handcuffs any time you are out of your cell and 1 phone call per week. Cost to Alaska is $3.23 for a 15 minute call. I spent 67 days in this until I was moved from Sheridan to an intrim holding facility, which in my case was: (is) ② San Bernardino County Sheriff Department - Central Detention Center, 1 man cell, 23 hour lockdown, 1½ hour recreation - 2 days a week, it is a 13 cell cell block with mostly federal inmates like me or are people standing or awaiting trial, shower + phone available for the hour you are out of your cell. Phone calls are outragously expensive. A 15min call costs $14.54, if you use a prepaid calling card - $16.15 for a 15 min. call if you call collect. That is 4 or 5 times as expensive as calling home from the FCI at Sheridan. I have been here 2 months tomarrow and I have no idea when I will be moved to my new F.C.I. I have been told that it will be F.C.I Beaumont TX. What a place to send an Alaskan.

12. Cont.

F. Ground Six:   Inadequate Health Care.

Supporting facts: There are inadequacies in the health care system that could cause my life to be unnecessarily shortened. A few that come to mind are: ① No chiropractic or orthopedic doctors. ② A long wait for necessary operations. I know of 1 inmate that had to wait 6 months for a hernia operation. ③ Not all institutions have an emergency contact button in the cell for contacting corrections officers in an emergency. Such as a suspected heart attack or stroke. ④ There is a long wait for routine dental work, as well as cleanings, periodontal work, root canals, etc. They would rather pull a tooth, than save it. ⑤ I cannot get simple items such as Neosporin type ointment, dental floss, etc.

AO 243 (Rev. 2/95)

longer be able to do the kind of work that I enjoy. Due to my age, other work would not be available to me.

D.     Ground four: Prison life for inmates incarcerated for possession of child porn vs inmates that are incarcerated for child molestation.

Supporting FACTS (state *briefly* without citing cases or law) As far as other inmates are concerned - there is no difference. Child molesters are hated by other inmates. I never have + never would molest a child. I was told by my counceler to not, under any circumstances, tell any inmate, what I was in for as I would likely be beat up or worse. All other inmates have a J&C or other paperwork to show other inmates when confronted. We have nothing which gives us no option other than to request protective custody.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐      No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing   Allen Dayan

(b) At arraignment and plea   Allen Dayan

(c) At trial   N/A

(d) At sentencing   Allen Dayan

AO 243 (Rev. 2/95)

(e) On appeal _____

_____

(f) In any post–conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6-21-07
    (Date)

_____
Signature of Movant

(7)